**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI-DADE DIVISION**

Case No.:

**RICHARD SANCRUZADO,**

    **Plaintiff,**                                                      **COMPLAINT**

v.

**EXPERIAN INFORMATION SOLUTIONS, INC.,**

                                                                          **DEMAND FOR JURY TRIAL**

    **Defendant.**
_____/

## **COMPLAINT**

Plaintiff, Richard Sancruzado ("Plaintiff"), by and through counsel, files this Complaint against Experian Information Solutions, Inc., ("Defendant Experian" or "Experian") pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

### **JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendant transact business here, and the complained conduct of Defendant occurred here.

### **DEMAND FOR JURY TRIAL**

3. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

### **PARTIES**

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

5. Defendant Experian is an Ohio corporation whose registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. Experian is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

## GENERAL ALLEGATIONS

6. This action involves derogatory and inaccurate reporting of Plaintiff's Social Security Number by the Credit Reporting Agency, Experian Information Solutions Inc.

7. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."

8. In or around November 2023, Plaintiff requested a copy of his credit report from Defendant Experian. The Experian report listed his Social Security Number incorrectly.

9. In or around November 2023, Plaintiff submitted a dispute to Defendant Experian because the Experian report was reporting the wrong Social Security Number.

10. As of the filing of this complaint, Defendant Experian is still reporting the wrong Social Security Number on Plaintiff's Experian report.

## COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

11. Plaintiff incorporates by reference paragraphs ¶¶ 1-10 of this Complaint.

12. Defendant Experian prepared and issued consumer credit reports concerning

Plaintiff which previously included incorrect reporting of Plaintiff's Social Security Number with Defendant Experian and continues to report the wrong Social Security Number.

13. In or around early November of 2023, Plaintiff checked his credit report and noticed that Defendant Experian was reporting the wrong Social Security Number for Plaintiff. Therefore, in or around November of 2023, Plaintiff disputed this inaccurate and derogatory information to Experian.

14. Despite Experian having been put on notice of the inaccurate and derogatory reporting, Experian did not remove the wrong Social Security Number from Plaintiff's Experian Report.

15. As of the filing of this complaint, the wrong Social Security Number is still listed on Plaintiff's Experian credit report.

16. Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Experian regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

17. Experian is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

18. Despite Defendant Experian having received Plaintiff's dispute of the wrong Social Security Number, Experian continues to report the wrong Social Security Number on Plaintiff's Experian Report.

19. Continuing to report the wrong Social Security Number is significant.

20. By continuing to report the wrong Social Security Number in this fashion, lenders believe Plaintiff's creditworthiness is associated with another unknown person.

21. Credit scoring algorithms take Plaintiff's Social Security Number into consideration when generating a credit score and showing this wrong Social Security Number

would cause another individual's report and credit score to be generated.

22. Experian failed to conduct a reasonable investigation and reinvestigation.

23. Experian failed to review and consider all relevant information submitted by Plaintiff.

24. Experian failed to conduct an independent investigation and, instead, kept the wrong information to remain on Plaintiff's credit report after Plaintiff's dispute.

25. Experian possessed evidence that the information was wrong as described by Plaintiff in the Dispute; however, Experian failed to correct the information.

26. Experian's reporting of inaccurate information about the Social Security Number, which is the subject of the Dispute, despite evidence that said information is inaccurate, demonstrates Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

27. Experian did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to report the wrong Social Security Number despite being in possession of evidence that the information was inaccurate.

28. Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

29. Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

30. On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

31. Experian failed to establish or follow reasonable procedures to assure the maximum

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Experian credit report.

32. Experian's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

33. Experian has willfully and recklessly failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

34. The conduct, action and inaction of Experian was willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

35. Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

36. The appearance of the wrong Social Security Number on Plaintiff's credit report, namely, the wrong Social Security Number identified by Plaintiff in Plaintiff's dispute to Experian,

was the direct and proximate result of Experian's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

37. As a result of the conduct, action, and inaction, of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

38. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

39. Plaintiff incorporates by reference paragraphs ¶¶ 1-39 of this Complaint.

40. On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

41. On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

42. On at least one occasion within the past year, by example only and without

limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

43. Additionally, Experian negligently failed to report the Social Security Number identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

44. Experian has negligently failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

45. The conduct, action, and inaction, of Experian was negligent, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

46. Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

47. As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress,

mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

48. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

Dated: December 1, 2023

                                        Respectfully Submitted,

                                         /s/ Jennifer G. Simil
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail:   jen@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax: 855-529-9540

*COUNSEL FOR PLAINTIFF*